**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**GUNNAR D. HUBER,**
       **Petitioner,**

vs.                                                                **Case No. 3:04cv312/RV/MD**

**DONALD F. BAUKNECHT,**
       **Respondent.**
_____

**REPORT AND RECOMMENDATION**

This cause is before the court upon referral from the clerk.  Petitioner commenced this action on August 25, 2004 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1).  His sole claim was that the Federal Bureau of Prisons ("BOP") was wrongly interpreting 18 U.S.C. 3624(c),[1] the statute governing a prisoner's eligibility for transfer to a Community Corrections Center ("CCC") or halfway house, by construing "term of imprisonment" to mean his actual time served rather than the actual sentence imposed.  As relief, petitioner sought an order directing the BOP to "recalculate petitioner's 10% date based on his 'term of imprisonment' as plainly mandated by 18 U.S.C. §3624(c), which would require 4.6 months of CCC time."

The undersigned, believing this case to be in the proper posture for report and recommendation to the District Judge, commenced its review of the parties'

---

[1] Title 18 U.S.C. § 3624(c) provides, in relevant part, as follows:

  The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. . . .

submissions. In doing so, it was discovered that petitioner was released on May 19, 2005. See www.bop.gov. Accordingly, on August 18, 2005 the court issued an order (doc. 13) directing petitioner to show cause why this case should not be dismissed as moot. A copy of the order was mailed to petitioner at his last known address; however, it was returned on August 25, 2005 marked "Transferred or Released - Forwarding Order Expired" (doc. 14). Petitioner has not filed a change of address form or otherwise notified the court of his new address.

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus (doc. 1) be DISMISSED WITHOUT PREJUDICE due to petitioner's failure to keep the court informed of his current address, and because it appears the case is moot.

At Pensacola, Florida, this 12th day of September, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** See **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**